PASSAIC VALLEY SEWERAGE COMMISSIONERS, PROSECUTOR, v. MAYOR AND ALDERMEN OF JERSEY CITY, AND OTHERS, RESPONDENTS.

Submitted February 10, 1919—Decided February 18, 1919.

Real estate owned by the Passaic Valley Sewerage Commissioners for the public work of an intercepting sewer to prevent the pollution of the Passaic river for the benefit of the municipalities in the Passaic valley is not exempt from taxation under section 3 of the Tax act of 1903.

---

On *certiorari* of tax sale.

Before SWAYZE, J., by consent.

For the prosecutor, *Riker & Riker.*

For the respondents, *Edward P. Stout.*

The opinion of the court was delivered by

SWAYZE, J.   The only question is whether real estate owned by the Passaic Valley Sewerage Commissioners was assessable

for taxes by Jersey City in the years 1914 and 1915. The prosecutors claim exemption under the Tax act of 1903. Section 3 of that act exempts property of the United States, the State of New Jersey, "and of the respective counties, school districts and taxing districts when used for public purposes." The property taxed is property necessary for the public work of an intercepting sewer to prevent the pollution of the Passaic river for the benefit of the municipalities in the Passaic valley. There is no question that it is used for public purposes. It is not property of a county or school district. The only question is whether it is property of a taxing district or taxing districts.

The Passaic Valley Sewerage Commissioners was incorporated in 1902 (*Pamph. L., p.* 190), and their powers were defined by an act of the same date. *Pamph. L., p.* 195. Among those powers was the power to order and cause a tax to be levied upon property within the district. These powers were further defined and amplified by the act of 1903. *Pamph. L., p.* 158. Litigation ensued and the Court of Errors and Appeals ultimately held that the provisions for levying a tax for an amount depending solely on the judgment or discretion of the commissioners, rendered the act unconstitutional. The underlying reason was that the sewerage district was not a political district of the state, and that the district to be taxed was not coterminous with a district to which some right of local self government had been given. *Van Cleve* v. *Passaic Valley Sewerage Commissioners,* 71 *N. J. L.* 574. Thereupon the legislature provided a new and different scheme. *Pamph. L.* 1907, *p.* 22; *Comp. Stat., p.* 5836. In substance this provided for the construction of the sewer at the joint expense of municipalities voluntarily entering into contracts for that purpose. The Passaic Valley Sewerage Commissioners was, in fact, their agent for the purpose. The act provided for an apportionment of the cost of construction and maintenance among the municipalities entering into the contract and the payment thereof by the municipalities. It did not contain any provision authorizing the sewerage com-

missioners to levy or assess taxes.  The commissioners were to get the necessary funds from the municipalities.

Whatever might have been said in favor of the proposition that the Passaic Valley Sewerage Commissioners was a "taxing district" under the acts of 1902 and 1903, cannot be said since the act of 1907.  It is urged, however, that the opinion in *Berdan* v. *Passaic Valley Sewerage Commissioners*, 82 *N. J. Eq.* 235, which we adopted as our own in 83 *Id.* 340, recognized the commissioners as a municipality.  The opinion had no such scope.  On the contrary, it was expressly held that the sewerage commissioners was merely an instrumentality by which the municipalities acted.  No support is to be found in that opinion for the notion that the sewerage commissioners is a "taxing district" within the meaning of the Tax act of 1903.

The present case is more nearly analogous to the situation presented in *Essex County Park Commission* v. *West Orange*, 75 *N. J. L.* 376; 77 *Id.* 575.  There the title to the land was in the park commission, as here it is in the sewerage commission.  Justice Pitney held in the Supreme Court that it was "property of the county" within the meaning of the tax act, and although the judgment of the Supreme Court was reversed, its opinion in this respect was clearly approved; in fact, the decision of the Court of Errors and Appeals necessarily rested on this view.  Justice Pitney rested the decision of the Supreme Court upon the authority given to the park commission to acquire land "for the benefit of the county," and upon the provision that titles acquired by condemnation passed to the board "in trust for the county."  There are no such provisions in the statutes relating to the sewerage commissioners.  If the legislature had meant that the property should be considered the property of the municipalities, it would surely have determined in what shares they should hold, and not left it to conjecture whether the shares should be in proportion to the amount each municipality might be required to pay for the cost of construction, or to the amount it might be required to pay for maintenance, repair and operation.  The proportions are not necessarily the same.

In view of the rule that exemptions from general taxes are strictly construed (*Sisters of Charity* v. *Cory, Coll'r*, 73 N. J. L. 699), I think I am required to hold that this property is taxable.

Let judgment be entered for the defendants, with costs.